[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-10257

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GASTON HALL REED,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:20-cr-00092-CG-B-1

_____

Before LUCK, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Gaston Reed appeals his conviction after pleading guilty to possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On appeal, Reed challenges the district court's denial of his motion to suppress physical evidence seized during a warrantless search of Reed's car during a traffic stop. No reversible error has been shown; we affirm.

On 28 March 2020, Alabama State Trooper Jayson Coons observed a car driving over the speed limit at 110 miles per hour. After stopping the car, Trooper Coons recognized the car's driver as Reed, with whom Trooper Coons had had prior encounters. As Trooper Coons approached the car, he detected "the strong and distinct odor of marijuana" coming from the car's passenger compartment. In a recording of the traffic stop, Trooper Coons says almost immediately upon approaching Reed's car, "I smell weed."

Trooper Coons ordered Reed to step out of the vehicle. Trooper Coons placed Reed in handcuffs, advised Reed of his *Miranda*[1] rights, and placed Reed inside the patrol car. When

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Trooper Coons looked inside Reed's car, Trooper Coons saw in plain sight on the driver-side floorboard a glass pipe used commonly for smoking controlled substances. Trooper Coons conducted a search of the interior of the car and found substances Trooper Coons believed to be methamphetamine and marijuana, prescription pills, a set of digital scales, a marijuana grinder, and a brass knuckles/knife weapon.

Trooper Coons placed Reed under arrest. A federal grand jury later charged Reed with possession with intent to distribute methamphetamine.

Reed moved to suppress the drugs and drug paraphernalia found in the car. Reed argued that Trooper Coons lacked probable cause to conduct a warrantless search of the car.[2]

Following a suppression hearing, the district court denied Reed's motion. The district court determined that probable cause existed to search the car, considering Trooper Coons's testimony about a strong odor of marijuana coming from the car.

Reed pled guilty pursuant to a written plea agreement, reserving his right to appeal the district court's denial of his motion to suppress. The district court sentenced Reed to 121 months' imprisonment followed by 5 years' supervised release.

---

[2] Never has Reed challenged the lawfulness of the traffic stop.

We review the district court's denial of "a motion to suppress evidence under a mixed standard, reviewing the court's findings of fact for clear error and the application of law to those facts *de novo*, construing the facts in the light most favorable to the prevailing party below." *See United States v. Pierre*, 825 F.3d 1183, 1191 (11th Cir. 2016). We afford "great deference" to the district court's determinations about credibility and "will not reverse a district court's factual finding concerning credibility unless the finding is 'contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it.'" *See United States v. Cavallo*, 790 F.3d 1202, 1227 (11th Cir. 2015).

Under the "automobile exception" to the Fourth Amendment's warrant requirement, police officers may conduct a warrantless search of a car if the car is operational and if the police have probable cause for the search. *United States v. Lindsey*, 482 F.3d 1285, 1293 (11th Cir. 2007). Probable cause "exists when under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle." *Id.* When an officer detects the odor of marijuana emanating from a vehicle, probable cause exists to support a warrantless search of the vehicle. *United States v. Johns*, 469 U.S. 478, 482 (1985) ("After the officers came closer and detected the distinct odor of marihuana, they had probable cause to believe that the vehicles contained contraband."); *Merricks v. Adkisson*, 785 F.3d 553, 560 n.3 (11th Cir. 2015) (noting that "the smell of burnt marijuana emanating from a vehicle is sufficient probable cause to search a vehicle").

21-10257               Opinion of the Court                    5

Considering the totality of the circumstances presented in this case, the district court committed no error in determining that probable cause existed to justify a search of Reed's car. Trooper Coons testified that -- as he approached Reed's car during the traffic stop -- Trooper Coons smelled the strong and distinct odor of marijuana coming from inside the car. The odor of marijuana was sufficient to give rise to probable cause to conduct a warrantless search of Reed's car. *See Johns*, 469 U.S. at 482; *Merricks*, 785 F.3d at 560 n.3.

On appeal, Reed contends that Trooper Coons's testimony about smelling marijuana was implausible. First, Reed challenges Trooper Coons's testimony that -- while standing on the driver's side of the car -- Trooper Coons could smell a strong odor of marijuana coming from the "passenger compartment" of the car. Reed seems to construe Trooper Coons's testimony as strictly meaning Trooper Coons could detect the odor of marijuana coming specifically from the "passenger seat" on the opposite side of the car from where Trooper Coons was standing. In rejecting this argument, the district court explained correctly that the term "passenger compartment" means "the entire interior of the car," not just the passenger seat.

Reed also contends that Trooper Coons was "predisposed" to believe that drugs would be found in the car given Trooper Coons's prior history with Reed. That Trooper Coons knew Reed -- by itself -- does not undermine Trooper Coons's testimony that he smelled marijuana.

Reed also argues that Trooper Coons's testimony about the marijuana smell is implausible because the second officer who arrived on the scene never testified about smelling marijuana and because no marijuana smoke was in the car. The second officer, however, arrived on the scene after the initial traffic stop and the search; and he never was asked during the suppression hearing about the marijuana smell. Nothing about the second officer's suppression-hearing testimony or about the absence of marijuana smoke in the car at the time of the traffic stop is inherently inconsistent with Trooper Coons's testimony that he smelled marijuana.

The district court credited Trooper Coons's testimony that he smelled a strong odor of marijuana coming from Reed's car. Because Trooper Coons's testimony is neither "contrary to the laws of nature" nor otherwise "inconsistent or improbable on its face," we defer to the district court's credibility determination. The district court committed no error in denying Reed's motion to suppress; we affirm Reed's conviction.

AFFIRMED.[3]

---

[3] Because the warrantless search of Reed's car was valid under the automobile exception to the Fourth Amendment, we need not address Reed's arguments about whether the search was valid under the plain-view exception, as a search incident to arrest, or as a part of an inventory search.